IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARIUS SOWAH OKANG, ET AL. | Criminal Indictment<br><br>No. 1:20-CR-114-WMR-CCB |

**GOVERNMENT'S MOTION FOR PROTECTIVE ORDER**

The United States of America, by Byung J. Pak, United States Attorney for the Northern District of Georgia, and Kelly K. Connors and Russell Phillips, Assistant United States Attorneys, hereby moves, pursuant to Federal Rule of Criminal Procedure 16(d), for a protective order that limits the use and dissemination of discovery materials provided by the government in this case, in order to protect sensitive and personally identifiable information contained in these materials as set forth in the proposed protective order attached to this motion.

In support of this motion, the government states as follows:

1. On March 3, 2020, a grand jury sitting in the Northern District of Georgia returned an indictment charging the defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and charging certain defendants with other substantive fraud offenses. The indictment alleges that

the defendants laundered proceeds of various fraud schemes, including business email compromise, romance scams, and retirement account takeover schemes.

2. On March 10, 2020, federal agents arrested a majority of the defendants. Most of the defendants sought court-appointed counsel, and the Court appointed members of the CJA Panel. Prior to the initial appearances, the government notified the Court that discovery was voluminous and sought the Court's direction regarding the appropriate means of providing discovery in the case. On March 31, 2020, the Court entered an order appointing Russell M. Aoki as coordinating discovery attorney. Mr. Aoki was also appointed as coordinating discovery attorney for two related cases, *United States v. Oye, et al.*, Crim. Action No. 1:18-CR-491-WMR-CCB, and *United States v. Oye, et al.*, Crim. Action No. 1:18-CR-492-WMR-CCB.

3. The discovery materials contain a large number of financial records and other documents that contain the personal identifying information (PII) and other sensitive information of some of the victims who were targeted by the various fraud schemes.  The discovery also contains the names, addresses, telephone numbers, birth dates, social security numbers, and other PII of the fraud victims, in various subpoenaed financial records and other records, and also in law enforcement reports.

4. It is not practicable to identify, redact, or otherwise treat, in a document-by-document fashion, all of the material containing sensitive and confidential

information of the victims because of the extensive nature of the discovery. Doing so would be burdensome and subject to error.

    5. Federal Rule of Criminal Procedure 16(d) authorizes a court to enter a protective order in a criminal case for "good cause." Fed. R. Crim. P. 16(d)(l); see *In re Terrorist Bombings of U.S. Embassies in E. Afr.,* 552 F.3d 93, 122 (2d Cir. 2008) (noting that Rule 16(d)(1) grants discretion to limit discovery); *United States v. Griffin*, No. 3:13-CR-80-DPJ-LRA, 2014 WL 1767201, at *2 (S.D. Miss. May 2, 2014) ("Turning over the names, social-security numbers, and bank account numbers of various individuals for potentially free dissemination at the Madison County jail presents good cause to restrict the discovery."); *United States v. Carriles*, 654 F. Supp. 2d 557, 566 (W.D. Tex. 2009) (in seeking protective order, government may advocate for privacy interests of nonparties).

    6. Good cause therefore exists for the proposed protective order, which limits the dissemination of the discovery materials in this case. The discovery material includes PII about third-party victims and redaction is not practicable both because the discovery is extensive, and because the names, phone numbers, and other personal identifying information used in the fraud schemes are relevant discovery to which the defendants need access. A protective order is therefore the most reasonable way of balancing the defendants' need for access to these materials with the rights of individuals whose information may be included in the discovery.

7. The proposed protective order is narrowly tailored to allow the defense to have meaningful access to discovery materials while adequately protecting the confidential and sensitive information contained therein. The proposed protective order is also consistent with Protective Orders entered in the two related criminal actions: 1:18-CR-491-WMR-CCB and 1:18-CR-492-WMR-CCB.

*   *   *

The United States of America therefore respectfully requests that this Court sign and issue the proposed protective order attached to this motion in advance of any discovery production.

Submitted this 10th day of April, 2020.

                                          Respectfully submitted,

                                        BYUNG J. PAK
                                          *United States Attorney*


                                        /S/ KELLY K. CONNORS
                                          *Assistant United States Attorney*
                                        Georgia Bar No. 504787
                                        Kelly.Connors@usdoj.gov
                                        600 U.S. Courthouse
                                        75 Ted Turner Dr., S.W.
                                        Atlanta, GA  30303
                                        (404) 581-4639
                                        (404) 581-6181 (Fax)

## CERTIFICATE OF COMPLIANCE AND SERVICE

This is to certify that the foregoing document was formatted in accordance with Local Rule 5.1C in Book Antiqua font, 13-point type. By filing this motion on the date below via ECF, an electronic copy will be served on defense counsel.

April 9, 2020

/s/ KELLY K. CONNORS

KELLY K. CONNORS

*Assistant United States Attorney*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Darius Sowah Okang, et al. | Criminal Indictment<br><br>No. 1:20-CR-114 |

**PROTECTIVE ORDER**

Pursuant to Federal Rule of Criminal Procedure Rule 16(d), the Court finds and orders as follows:

1. The discovery materials and information provided by the United States to the defendant in the above-referenced case (collectively the "discovery materials") contains extensive amounts of sensitive and private information about non-defendants, including, without limitation, financial records and other documents containing the personal identifying information (PII) of the victims targeted by the fraud schemes at issue in this case. This discovery includes, among other things, the names, addresses, telephone numbers, birth dates, social security numbers, and other PII.

2. The discovery materials are extensive, and it is not practicable to identify, redact, or otherwise treat, in a document-by-document fashion, those materials that may contain sensitive and confidential information, because doing so would

be unduly burdensome and subject to error given the volume of data involved. In addition, redacting the PII used in connection with the alleged scheme would result in relevant discovery being concealed to which defendants reasonably need access.

3. Good cause therefore exists for a protective order under Rule 16(d). This Order is narrowly tailored to allow the defense to have meaningful access to discovery materials while adequately protecting the confidential and sensitive information contained therein.

4. The discovery materials are to be used by the defendant and his counsel to prepare the defense in this case and for no other purpose. Neither the defendant, defense counsel, nor members of the defense team (*i.e.*, counsel, paralegals, investigators/litigation support personnel, court-certified interpreters, and administrative staff employed by defense counsel) shall disseminate, disclose, provide, or show the discovery materials to anyone else, except as delineated below. This applies to all discovery materials provided by the United States pursuant to this criminal action, regardless of whether such discovery materials have already been produced or will be produced in the future, and regardless of whether such discovery has or will be produced pursuant to Rule 16 or otherwise.

5. The discovery materials provided and otherwise made available by the United States—regardless of whether such materials and information have or will be produced pursuant to Rule 16 or otherwise—shall not be further

disseminated, disclosed, copied, provided, or shown by the defendant or their counsel to any individual, organization, or other entity, other than to:

    a. members of the defense team (*i.e.*, counsel, paralegals, investigators, litigation support personnel, court-certified interpreters, and administrative staff employed by defense counsel);

    b. essential non-expert witnesses, as further detailed below;

    c. any expert, consultant, or individual that the defense team retains or has retained to assist in the preparation of the defense;

    d. the defendant; and

    e. the Court, provided that any sensitive or private information is redacted pursuant to the United States District Court for the Northern District of Georgia's Standing Order No. 04-02, unless otherwise ordered by the Court.

6. Defense counsel may provide copies of the discovery materials to the defendant for him to retain and review, provided that the defendant executes the attached acknowledgement confirming the defendant's agreement to be bound by the terms of this Order and acknowledging his understanding of the consequences of violating this Order.  Defense counsel agrees to promptly provide a copy of the executed acknowledgement to the undersigned government counsel.

7. Defendant may take notes of the contents of the discovery materials, but those notes are subject to the same anti-dissemination prohibitions as the original document used to make those notes.

8. Prior to dissemination of any discovery materials (or information therein) to authorized individuals, defense counsel shall inform the recipient as to the existence of this Order and the requirement to maintain the confidentiality of the information conveyed. With respect to experts, consultants, or individuals that the defense team retains or has retained to assist in the preparation of the defense, before receiving any discovery materials, they must agree to abide by the terms of this Order.

9. Defense counsel and members of the defense team may show—but not provide copies of—the discovery materials to essential non-expert witnesses, if it is determined that it is necessary to do so for the purpose of preparing the defense of the case. Defense counsel shall inform the essential non-expert witnesses as to the existence of this Order and the requirement to maintain the confidentiality of the information conveyed.

10. If defense counsel desires to disclose, make available, or communicate the discovery materials to any other person not described in this Order, defense counsel may either: (a) discuss the matter with government counsel and reach an agreement as to the disclosure's parameters; or (b) move the Court, *in camera*, for a modification of this Order. Defense counsel shall not disclose any discovery materials to any person described in this paragraph unless and until defense counsel either: reaches an agreement with the government on disclosure, or obtains authorization from the Court to do so.

11. This Order solely governs the defendant's and defense team's use of the discovery materials specifically produced or made available in this criminal

action. This Order does not limit the defendant's and defense team's use of documents that they might already possess prior to receiving discovery, or might obtain through other means.

12. This Order shall survive the final termination of this action, and upon termination of this action and any appeal, counsel for the defendant shall return all copies of the discovery materials to the government or shall certify that said discovery materials have been destroyed.

SO ORDERED this _____ day of April, 2020.

CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

Prepared by:

Kelly K. Connors
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>DARIUS SOWAH OKANG, ET AL. | Criminal Indictment<br><br>No. 1:20-CR-114 |

## ACKNOWLEDGMENT AND AGREEEMENT TO ABIDE BY TERMS OF PROTECTIVE ORDER

I hereby state that I am a defendant in the above-styled criminal action. The discovery in this case contains confidential and sensitive information, and the Court entered a Protective Order to secure this confidential and sensitive information. My attorney has provided a copy of the Protective Order to me, and I understand the terms of the Protective Order.

I hereby acknowledge that any copies of discovery or notes related to the discovery materials are subject to the Protective Order and that I must adhere to the terms of the Protective Order. I hereby agree to abide by the terms of the Protective Order and further agree not to disseminate or produce copies of any of the discovery materials to another individual. I agree to secure the discovery materials in a location where other individuals would not have access to the materials.

I further acknowledge that violating the terms of the Protective Order may result in additional criminal charges, as well as any other penalties and actions deemed appropriate by the Court.

DATED this _____ day of _____, 2020.

_____
SIGNATURE OF DEFENDANT


_____
SIGNATURE OF DEFENSE COUNSEL