# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DARIUS SOWAH OKANG,<br>Defendant. | CRIMINAL ACTION FILE NO.<br>1:20-CR-00114-WMR-CCB-1 |

**ORDER**

Before the Court is Defendant Darius Sowah Okang's Motion for Reduction of Sentence under Retroactive U.S. Sentencing Guidelines Amendment 821 [Doc. 943]. After review, the Court concludes that the Defendant is not eligible for relief under Amendment 821 and denies the Defendant's Motion.

Amendment 821 provides a retroactive adjustment to the offense level for defendants with zero criminal history points. *See* 18 U.S.C. § 3582(c)(2) (authorizing a court to modify a term of imprisonment where the sentencing range

1

"has subsequently been lowered by the Sentencing Commission"). However, the Defendant may only receive the reduction if he "meets all of the following criteria:"

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

18 U.S.C. app. § 4C1.1. The focus of this Court's Order is on the requirement in subpart (10) because it is undisputed that the Defendant received an adjustment under § 3B1.1. The parties disagree on whether the § 3B1.1 adjustment makes the Defendant ineligible for the adjustment under Amendment 821.

The Defendant argues that to be found ineligible, the Court must find both that he "did not receive an adjustment under § 3B1.1 (Aggravated Role) *and* [that he] was not engaged in a continuing criminal enterprise . . . ." 18 U.S.C. app. § 4C1.1(1)(10) (emphasis added). In doing so, the Defendant relies on the Eleventh Circuit's decision in *United States v. Garcon*, which held that all three conditions listed in 18 U.S.C. § 3553(f)(1)[1] must be present for a defendant to be excluded from safety valve relief due to the use of "and" rather than "or." However, that case was since overturned by the Supreme Court in *Pulsifer v. United States*, which held that the presence of any one of the three conditions listed in § 3553(f)(1) makes a defendant ineligible for safety valve relief. 144 S. Ct. 718, 737 (2024). In doing so, the Supreme Court reasoned that the "and" "creates an eligibility checklist" where "the 'and' joins several individually necessary conditions for safety-valve relief." *Id.*

---

[1] 18 U.S.C. § 3553(f)(1) is as follows:

> [T]he court shall impose a sentence pursuant to [the] guidelines . . . if the court finds at sentencing . . . that—
>
> (1) the defendant does not have—
>
>> (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>>
>> (B) a prior 3-point offense, as determined under the sentencing guidelines; *and*
>>
>> (C) a prior 2-point violent offense, as determined under the sentencing guidelines . . . .

(emphasis added).

at 736. In other words, § 3553(f)(1) should be read as requiring that the defendant "does not have" subsection (A), "does not have" subsection (B), and "does not have" subsection (C).

That reasoning applies with equal force here. In fact, the Defendant is incorrect that the text is ambiguous or that the Government's reading requires substituting "and" with "or." § 4C1.1 requires the defendant to meet "all of the following criteria." That criterion includes that "the defendant did not receive an adjustment under § 3B1.1" *and* that the defendant "was not engaged in a continuing criminal enterprise . . . ." *Id.* The Defendant has failed to show that he "did not receive an adjustment under § 3B1.1 . . . ." Therefore, he has failed to meet "all of the" criteria. *See United State v. Arroyo-Mata*, No. 1:09-cr-00013-TCB, 2024 U.S. Dist. LEXIS 62601, at *4–7 (N.D. Ga. Apr. 1, 2024); *United States v. Mahee*, No. 1:21-cr-00494-SDG-1, 2023 U.S. Dist. LEXIS 216654, *7–8 (N.D. Ga. Dec. 6, 2023). Accordingly, he is ineligible for relief, and his Motion for Reduction of Sentence [Doc. 943] is **DENIED**.

**IT IS SO ORDERED**, this 16th day of July, 2024.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE